IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLOTTE ANGUIANO,

    Plaintiff,

-vs-                                                  No. CIV 06-0833 LH/RHS

U.S. FOOD SERVICE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss (Docket No. 8), filed October 3, 2006, and Plaintiff's Motion to Amend Complaint (Docket No. 11), filed October 19, 2006. The Court, having reviewed the Motions, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that Motion to Dismiss is well taken in part and will be **granted in part** and the Motion to Amend Complaint is well taken and will be **granted**.

Plaintiff Charlotte Anguiano brings suit against her former employer, U.S. Food Service ("U.S. Foodservice"[1] or "Defendant"), asserting four causes of action: sex discrimination, pursuant to Title VII and the New Mexico Human Rights Act; wrongful discharge and/or breach of employment contract; defamation; and prima facie tort. Pursuant to FED. R. CIV. P. 12(b)(6), U.S. Foodservice moves to dismiss the defamation and prima facie tort claims.

---

[1] Although the Complaint and other filings by Plaintiff and the Court identify the Defendant in the captions as "U.S. Food Service" Defendant has consistently referred to itself as "U.S. Foodservice, Inc.," in its pleadings.

In considering a motion to dismiss, the Court must liberally construe the pleadings, *Gas-A-Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1107 (10th Cir. 1973), accepting all material allegations as true, *Ash Creek Mining Co. v. Lujan,* 969 F.2d 868, 870 (10th Cir. 1992). Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Defendant first maintains that Plaintiff's defamation claim must be dismissed for failure to allege any facts, as opposed to conclusory allegations. The Tenth Circuit has held that "in the context of a defamation claim, Fed. R. Civ. P. 8(a)[2] requires that the complaint provide sufficient notice of the communications complained of to allow [a defendant] to defend itself." *McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952, 955 (1989)(footnote added). In her Complaint, Plaintiff states only that "Defendant made false and defamatory statements concerning Plaintiff to others," and that these "false statements made by Defendant U.S. Food Service have caused damage to the reputation of Plaintiff." Compl. ¶¶ 26, 27.

The Court agrees that more specificity is required of the defamation claim---and so does Plaintiff. Rather than dismissal, however, she proposes to amend her Complaint to add Frank Buenger as a defendant and to set forth more fully the factual basis of his alleged defamation. U.S.

---

[2] Rule 8(a) provides in relevant part: "**Claims for Relief.** A pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED R. CIV. P. 8(a)(2).

Foodservice replies that while it believes that the Amended Complaint, too, fails to state a claim for defamation, it does not oppose Plaintiff's Motion to Amend and that it will address the amended defamation claim by subsequent motion.  Therefore, the Court will grant Plaintiff's Motion to Amend Complaint and will deny as moot Defendant's Motion to Dismiss the defamation cause of action.

Defendant also moves to dismiss Plaintiff's prima facie tort claim on grounds that it is duplicative of her claims under other theories; that alleged discriminatory acts cannot support a prima facie tort claim; that to the extent there may have been a contract between U.S. Foodservice and Plaintiff, prima facie tort may not be used to create extra-contractual allegations; and that to the extent Plaintiff was an at-will employee, prima facie tort may not be used to circumvent an at-will relationship.  The Court agrees.

New Mexico is one of "a few jurisdictions recognizing a cause of action for prima facie tort." *Stock v. Grantham*, 125 N.M. 564, 575, 964 P.2d 125, 136 (N.M. App. 1998)(citing *Schmitz v. Smentowski*, 109 N.M. 386, 394, 785 P.2d 726, 734 (1990)).  "The elements of the action are: '(1) an intentional and lawful act; (2) an intent to injure the plaintiff; (3) injury to the plaintiff as a result of the intentional act; (4) and [sic] the absence of sufficient justification for the injurious act.'"  *Id.*, (quoting *Lexington Ins. Co. v. Rummel*, 123 N.M. 774, 777, 945 P.2d 992, 995 (1997)).

"The theory underlying prima facie tort is that a party that intends to cause injury to another should be liable for that injury, if the conduct is generally culpable and is not justifiable under the circumstances."  *Schmitz*, 109 N.M. at 394, 785 P.2d at 734 (citing RESTATEMENT (SECOND) OF TORTS § 870 (1977)).  Thus, "[p]rima facie tort is intended to provide a remedy for persons harmed

by acts that are intentional and malicious, but otherwise lawful, which 'fall outside the rigid traditional intentional tort categories.'" *Boogle v. Summit Inv. Co., LLC*, 137 N.M. 80, 89, 107 P.3d 520, 529 (N.M. App. 2005)(quoting *Martinez v. N. Rio Arriba Elec. Coop., Inc.*, 132 N.M. 510, 516, 51 P.3d 1164, 1170 (N.M. App. 2002)(internal quotation marks and citations omitted)). As such, "[p]rima face tort should be used to address wrongs that otherwise 'escaped categorization,' but 'should not be used to evade stringent requirements of other established doctrines of law.'" *Id.* (quoting *Schmitz*, 109 N.M. at 396, 398, 785 P.2d at 736, 738).

In the Amended Complaint, Plaintiff alleges that U.S. Foodservice "committed an intentional act in *terminating* Plaintiff[, that] Defendant . . . intended to injure the Plaintiff[,] . . . [that] Plaintiff has been injured as a direct result of [Defendant's] actions[, and that Defendant] had insufficient justification for its acts." Am. Compl. ¶¶ 31-34 (emphasis added); *see also* Initial Pretrial Report at 4. In response to Defendant's Motion, she "contends her *termination* was the result of an intentional and malicious scheme to 'teach her a lesson,'" stating the following factual details:

> On August 5, 2004, after being out of work for two days under doctor's orders, plaintiff returned to work. Another employee told her the shipping manager stated he was going to teach her a lesson by having her work on Sunday, a day she was supposed to be off. The Human Resources manager assured her she did not have to work on Sunday and that he would speak to the Operations manager. The next week plaintiff was *terminated*.[3]

---

[3] The Court notes that these allegations essentially track those made in support of Plaintiff's First Cause of Action for Sex Discrimination, which allegations are incorporated by reference into her claim of prima facie tort, as well as those for wrongful discharge and/or breach of employment contract and defamation:

> On August 2, 2004, Plaintiff was seen by her medical doctor due to an asthma attack. Her doctor gave her a note to stay off work for two days.
> . . . .
> Plaintiff returned to work on August 5, 2004, at 4:30 p.m. A selector informed Plaintiff that the Shipping Manager, Joel Dohrer, stated he was going to teach her a lesson by having her work on Sunday, a day she was supposed to be off.
> . . . Human Resources Manager, Frank Buenger, . . . told Plaintiff she did not have to work on Sunday, that he would take care of it and speak to the Operations Manager.

Pl.'s Resp. Mot. Dismiss at *1-2 (emphases added)).  She also argues that prima facie tort may be pleaded in the alternative.  *See Bogle*, 137 N.M. at 89, 107 P.3d at 529 (citing *Schmitz*, 109 N.M. at 396, 398, 785 P.2d at 736, 738).

It is clear to the Court that the injury of which Plaintiff complains in her claim brought pursuant to prima facie tort is her *termination*.  As such, this cause of action is barred as a matter of law because her claims of discriminatory discharge, breach of contract, and wrongful discharge "provide[] reasonable avenues to a remedy for the asserted wrongful conduct."  *See id.* ("This is a classic case of a plaintiff trying to avoid 'stringent requirements of other established doctrines of law' to impose liability in tort.  *Schmitz*, 109 N.M. at 398, 785 P.2d at 738.").  This result is further supported by the fact that "Plaintiff does not assert any separate factual basis to support [her] prima facie tort claim[; t]he only facts used to support the claim are those incorporated from other causes of action mentioned within the complaint."  *See Healthsource, Inc. v. X-Ray Assocs. of N.M.*, 138 N.M. 70, 81, 116 P.3d 861, 872 (N.M. App. 2005)("Thus, even if there was standing, we would likely conclude, as we did in *Stock*[, 125 N.M. 564, 964 P.2d 125], that the district court did not err in dismissing Plaintiff's prima facie tort claim because the cause of action duplicates other claims made by Plaintiff.")(also discussing *Hill v. Cray Research*, 864 F. Supp. 1070, 1080 (D.N.M. 1991)("[T]he court dismissed the plaintiff's prima facie tort claim because the court determined that

---

. . . Plaintiff was off on Saturday and Sunday, August 7 and 8, 2004.
. . . .
On Thursday, August 12, 2004, Plaintiff was told she was terminated because she did not come to work on Sunday.
Plaintiff was discriminated against because of her sex, female, by being discharged.  Males have not been discharged under similar circumstances.

Am. Compl. ¶¶ 11-22, 24, 27, 30; *see also* Initial Pretrial Report at 2-4.

5

a claim for prima facie tort should not lie when the pleaded factual basis is within the scope of an established tort."); *supra* note 3.

Additionally, courts in New Mexico have long held that prima facie tort is not a valid cause of action in the context of termination of at-will employment, even when pleaded in the alternative. *See, e.g., Gioia v. Pinkerton's Inc.*, 194 F. Supp. 2d 1207, 1222-23 (D.N.M. 2002); *Ewing v. State Farm Mut. Auto. Ins. Co.*, 6 F. Supp. 2d 1281, 1291 (D.N.M. 1998); *EEOC v. MTS Corp.*, 937 F. Supp. 1503, 1516 (D.N.M. 1996)(noting that "the *Schmitz* court also opined that prima facie tort should not be extended to provide a remedy to the employment-at-will doctrine. *Schmitz*, 109 N.M. at 396, 785 P.2d 726."); *Hill*, 864 F. Supp. at 1077- 80; *Yeitrakis v. Schering-Plough Corp.*, 804 F. Supp. 238, 247-49 (D.N.M. 1992).  On the other hand, however, if, as Plaintiff claims, she was intentionally discriminated against and terminated because of her sex or she was terminated in violation of an express or implied contract of employment, her prima facie tort claim likewise must fail because her termination would have been caused by unlawful conduct, rather than the lawful conduct required under that theory. *See, e.g., Ewing*, 6 F. Supp. 2d at 1291 ("doubtful that [prima facie tort] properly asserted in this case because Plaintiff contends that unlawful acts, i.e. gender discrimination, resulted in her injury"); *Hill*, 864 F. Supp. at 1078 ("If Defendants' termination of Plaintiff's employment was in breach of an implied contract or a tortious wrongful discharge, and thereby in either instance *unlawful*, the first element of a lawful act cannot be met."); *Silverman v. Progressive Broad. Inc.*, 125 N.M 500, 510, 964 P.2d 61, 71 (1998)(contention that defendants intentionally discriminated against plaintiff on basis of sex would not constitute a lawful act necessary for prima facie tort).

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Docket No. 8), filed October 3, 2006, is **DISMISSED IN PART AS MOOT** and **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Docket No. 11), filed October 19, 2006, is **GRANTED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**